## RICHARD HART *versus* GEORGE WATERHOUSE

An endorsement on an execution by *A. B.,* as attorney to the creditor, is not evidence that *A. B.* was attorney.

THIS was an action of debt on a judgment recovered by the plaintiff against the defendant at April term, 1799, for the sum of $293 68 cents, including damages and costs. The declaration was in common form, and did not set out that any execution had ever issued on the judgment.

The defendant pleaded in bar that on the 22d of November, 1799, he paid $300 in full satisfaction and discharge of the said [ * 434 ] judgment, *executions,* and * costs, and that the plaintiff accepted and received the same sum in full satisfaction, &c. The plaintiff replied that the defendant did not pay, &c.; on which issue was joined.

On the trial of the cause at last term, before THACHER, J., the defendant produced and offered in evidence, in proof of payment, an *alias* execution, which had issued on the judgment on which was the following endorsement, *viz.,* "Received, *Poland,* November 22, 1799, of *Joseph Gardner Andrews,* two notes of hand for ten dollars each, and fourteen notes of hand of twenty dollars each, signed by *Jesse Wolcott,* of *Poland,* payable to said *Andrews;* said notes dated the 27th day of August, 1799, and delivered this day to me by said *Andrews,* with his power of attorney to collect the same,

324

which notes, when paid to *me*, shall be in full satisfaction for this execution; *Jonathan Sherburne*, attorney to *Richard Hart*."

The judge, being of opinion that the execution and endorsement thereon were not admissible without proof that *Sherburne* was the attorney of *Hart*, rejected the evidence, and directed the jury to find a verdict for the plaintiff.

The counsel for the defendant. moved for a new trial, insisting that as the execution was in the hands of *Sherburne* at the time he made the endorsement above mentioned, and was by him delivered over to the defendant, it was sufficient evidence that he had authority to control it; and ought to have been admitted to the jury in proof of the issue on the part of the defendant.

For the plaintiff, it was said that the direction of the judge was right; and that the authority of *Sherburne*, who assumed to act as attorney of the plaintiff, ought to have been made out by direct and positive proof; otherwise that infinite mischief would result to creditors. Besides, in this case, * the receipt [ * **435** ] was conditional, being for notes of hand which were to be a satisfaction when paid. The defendant offered no evidence that they had been paid; and the execution and endorsement, with no accompanying or corroborating circumstances, were no evidence at all, and, therefore, were properly rejected.

THACHER, J., said he continued of the same opinion he had at the trial; that there was then no evidence offered that *Sherburne* was the attorney of the plaintiff, excepting what appeared from the endorsement itself; which he then and yet thought was no evidence at all of that fact.

SEWALL, J. I am clearly of opinion that the paper was rightly rejected; because there was no evidence offered that *Sherburne* was the attorney of the plaintiff. Had *that* been proved, it would have been *one step* towards proving the issue; but the endorsement on the execution, in itself, amounts to nothing.

SEDGWICK, J. There was no other evidence offered than what appeared in the paper itself that *Sherburne* was the attorney. This certainly was not evidence; for it is merely the declaration of the person who calls himself the attorney. The execution being in the hands of the defendant, it was incumbent on him to show that he was legally entitled to the possession of it : this he did not do; nor would he have a right to retain it in his hands unless *Sherburne* was the attorney of the plaintiff, and unless also the notes had been paid. If the authority of the agent be admitted, yet the notes were taken conditionally: they were, if paid, to be a satisfaction of the judg ment; and it has not been suggested that the notes were paid. In

every point of view the direction of the judge was right, and, there-fore, the verdict must stand.

*New trial refused.*

*P. Mellen* for the plaintiff.
*Emery* and *Holmes* for the defendant.